## Amelie Lefrançois *v.* Jacques Charbonnet.

A tutoress, employed for a term of years, at a yearly salary, who leaves her employer before the expiration of the term, on account of his failure to pay her salary either quarterly or annually, will not thereby forfeit the amount already due. The defendant's failure to pay released her from her contract.

Appeal from the District Court of the First District, *Buchanan*, J.

Morphy, J. The petitioner claims $831 37, as a balance due for her services as a teacher of the defendant's children, from the 23d of February, 1839, to the 24th of October, 1840, at the rate of $800 per annum. The defendant avers, that he engaged the petitioner as a teacher, at the yearly salary of $800, for the term of three years, to be computed from the 23d of February, 1839; and that it was agreed and understood, that she should teach six children for the aforesaid salary, and that she was to have her boarding and lodging at his house during all this time; but that, in violation of her contract, the petitioner refused to instruct the number of children agreed upon, and left the house and employment of the defendant before the expiration of the term above stated, without any legal or reasonable cause, and without his knowledge and consent; that by such a violation of her contract, the plaintiff has lost and forfeited any claim for services she might otherwise have; and that the amount paid was an ample compensation for the services she actually rendered. The plaintiff had a verdict and judgment below in her favor, and the defendant appealed. The testimony, in our opinion, fully supports the verdict. By leaving the defendant's house before the expiration of the three years she had agreed to stay, the plaintiff did

not forfeit her salary.  The defendant's failure to pay her, either quarterly, or by the year, released her from the contract.  After giving defendant notice, that she could remain no longer unless paid, she left his house, and brought the present suit.  This she had clearly a right to do.  As to the alleged refusal of the plaintiff to instruct six children at the defendant's house, pursuant to her agreement, the testimony shows, that a few weeks after she commenced teaching defendant's children, who were three in number, she refused to take charge of a child of Volant Labarre. From the testimony of one of the defendant's own witnesses, the agreement appears to have been, that the six children, to whose tuition the plaintiff was to attend, should be taken from the family of defendant, to whom Volant Labarre is in no wise related.  No other child was ever offered to be put under the plaintiff's care ; and, in a correspondence which took place between the plaintiff and the defendant, the latter frequently deplores his inability to pay her salary, but makes no complaint whatever of any breach of contract on her part.  There is, however, in the verdict, a small error which must be corrected.  In the plaintiff's account, annexed to her petition, the defendant is credited on the 2d of May, 1840, only with $300, when by a receipt, which we find in the record, he appears, on that day, to have paid plaintiff $361 63.

It is, therefore, ordered and decreed, that the judgment of the District Court be so amended, that the plaintiff do recover of the defendant only the sum of seven hundred and sixty-nine dollars and seventy-four cents, with costs below ; those of this appeal to be borne by her.

*Castera,* for the plaintiff.

*Roselius,* for the appellant.