DAVID G. FARRAGUT ET AL.

*vs.*

THE SHIP METROPOLIS ET AL.

1. In a libel of information in a proceeding in prize filed by the captors under the Act of June 30, 1864, it is irregular to admit the United States as a defendant at the suggestion of the district attorney. He has no authority to make such a motion on its behalf or the court to grant it.
2. A formal demurrer to a libel of information in prize is a form of pleading unknown to courts of prize.
3. Before condemnation as prize all captured property belongs to the Government; the captors possess no title to the property until their right has been adjudicated by the court.
4. Congress by its legislation, has placed the control of prize proceedings, so far as the interests of the Government are concerned, in the Secretary of the Navy.
5. Under the Act of 1864, on the failure of the Government to institute proceedings in prize within three months after the capture, the captors may institute such proceedings in any district and may use, if necessary to the protection of their interests, the name of the United States.

In Prize. No. 210. Before Mr. Justice WYLIE. Decided March 1, 1870.

LIBEL of information in prize.

Mr. BENJAMIN F. BUTLER for libellants.

Messrs. E. C. CARRINGTON and R. M. CORWINE for the United States.

Mr. Justice WYLIE delivered the opinion of the Court:

This is a libel of information filed by Admiral Farragut on behalf of himself and the officers and men of the Western Gulf Squadron against a large number of armed vessels of war belonging to the late Confederate Government, as well as a large number of steamboats and other vessels not armed, and other property of large value belonging to citizens of said so-called Confederate States, all captured at and below the city of New Orleans, and on the river Mississippi between the 22d of April and the 1st of

May, 1862, during the late rebellion, praying that said vessels and other property may be condemned as prizes of war, and that their proceeds may be distributed according to the law of prize.

The most of this property was appropriated after the capture to the use of the United States, some of it lost through accident and some of it destroyed, so that no part has been brought in for adjudication.

The libel of information in this case has not been filed either by the District Attorney or on behalf of the Government, but solely on behalf of the captors, and by their own private counsel. The proceeding was instituted on the 26th of April, 1869, and monition issued and served on the Secretary of the Navy and on the District Attorney.

On the 19th of November the district attorney presented a petition to the court praying that an order might be made to admit the United States as a defendant in the cause with leave to plead, and this petition was granted. On the same day he filed a demurrer on behalf of the United States to the libel of information in the usual form of a general demurrer to a declaration in an action at common law. There was a joinder of issue on the demurrer, And it is in this shape the cause has been argued.

These steps in pleading seem to the court to have been inappropriate, to say the least of them. The demurrer ought not to have been received. Then it was improper to admit the United States to be a defendant in the cause, for the District Attorney possessed no authority to make such a motion on its behalf or the court to grant it; and, lastly a formal demurrer to a libel of information is a form of pleading unknown to courts of prize.

We have, then, a case in which a libel of information has been filed by private counsel for the captors against certain vessels of war belonging to a public enemy captured on the high seas in contemplation of law (as these libellants claim)—certainly captured within the limits of maritime

and admiralty jurisdiction—in which there is a prayer that the property captured may be condemned as a prize of war, and yet there is no appearance of the Government with the captors and no mention of the Government's rights in the libel.

On the other side the United States appears, by its representative, in this court, and is made a defendant, and puts in a general demurrer to the libel without asserting any claim to the property in itself.

I find it impossible to extricate the case from these embarrassments except by returning upon our steps, setting aside the sentence of condemnation, striking out the appearance of the United States as defendant, as well as the demurrer which it has filed, and giving leave to the captors to amend their libel of information, so that the proceeding shall appear to have been instituted as well on behalf of the Government as of the captors.

To make war is the sole prerogative of the Government, and the acquisitions of war belong to it alone.

The form of adjudging prize is that the ship or other captured property is subject to confiscation and condemned for good and lawful prize to the United States.

The can be no valid condemnation as prize of war except to the Government.

The Government, however, has, by its own statutes declared that the proceeds of prize, when condemned, shall belong wholly or in part to the captors. But before condemnation the captors possess no title to the property. If it were otherwise, the captors might institute their proceedings on the instance side of the court, where there is jurisdiction to decide upon questions of private rights and interests, and the forms of proceeding and practice are widely different from those of the prize courts, which are courts established under the law of nations. In Lando *vs.* Rodney, Dougl. R., 614, note, Lord Mansfield said the whole system of *litigation jurisprudence* in the prize court is

peculiar to itself. It is no more like the Court of Admiralty than it is like to any court in Westminster Hall.

It is not to be inferred from this, however, that the Government may block out the captors from the courts of justice by simply refusing or neglecting to institute proceedings for condemnation, especially if, by any means, it has previously appropriated the prizes captured to its own use.

In the Mercurius, 1 Rob., 81, Sir William Scott said: "That although the king was undoubtedly the fountain of prize, he has conveyed his interest in it to various persons, to the commanders and crews of his own ships; to his other subjects by letters of marque; and to the Lord High Admiral of England. It has been declared by high authority that the interest of prize is vested in the captor, and that the captor may, against the wishes of the Crown, proceed to adjudication."

It is quite true that this same judge subsequently, in the case of the Elsebe, 5 Rob., 185, decided that "neither the order in council, the proclamation, nor the prize act give any property to the captors till adjudication." But I do not regard this last opinion as denying the right of the captors to use the name of the Crown, if the case should occur that the attorney or proctor for the Crown should himself persist in declining to initiate the proper proceedings for condemnation.

The whole legislation of this Government on this subject has placed the control of prize proceedings, so far as its interests are or may be concerned, in the Secretary of the Navy. He is made by law the organ of the Government in this respect, and authorized to give its instruction to the attorney for the Government. It is made his duty not only to see that no wrong shall be done to the rights of captors, but is even authorized to employ special counsel "for the due protection of the interests of the captors and of the navy pension fund; and under the direction of the Secretary of the Navy such counsel may institute and prosecute

such proceedings in the case as may be necessary and proper for the protection of such interests." Prize Act of June 30, 1864, Sec. 23.

The same act further provides in Section 28 : " If when no property can be sent in for adjudication, the Secretary of the Navy shall not, within three months after any capture, designate a district for the institution of proceedings, the captors may institute proceedings for adjudication in any district."

Both these sections of this act are declared expressly to apply both to the captures heretofore made or that shall hereafter be made.

I am of opinion, therefore, that in the present case the captors are authorized by law to employ their own counsel and to use the name of the United States in their proceeding, should that be deemed necessary for the protection of their interests, especially if authorized so to do by the Secretary of the Navy.

The embarrassment in the present case is understood to grow out of the fact that the proceeds of the property claimed for prizes have gone into the Treasury of the United States, and that the Secretary does not regard these captures as the subject of prize of war, but as belonging wholly to the Government under the laws relating to captured and abandoned property in the rebel States, and that he has enlisted the District Attorney on his side of the question.

*Leave granted to amend the libel of information as indicated by this opinion.*